In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00204-CR

                                                ______________________________

 

 

                                  STEVEN DALE DUNCAN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 38,917-B

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Steven
Dale Duncan appeals from the revocation of his community supervision and the
adjudication of his guilt.  Duncan had
been given deferred adjudication on his plea of guilty pursuant to an agreement
to plead guilty to a lesser-included offense. 
Two months later, the State filed a motion to adjudicate due to Duncan’s
failure to pay fees and fines, to perform community service work, and his
failure to report.  Duncan stipulated to
the truth of each ground for revocation, and at the hearing, pled true to each
ground.  The trial court revoked his
community supervision, adjudicated him guilty, and sentenced him to eight years’
imprisonment.

            Duncan’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail. Counsel has thus provided a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  This meets the requirements of
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Duncan on May 3, 2011, informing him
of his right to file a pro se response and of his right to review the
record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See
Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsel’s
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.

            We
affirm the judgment of the trial court.[1]

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
12, 2011

Date Decided:             July 13, 2011

 

Do Not Publish











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.